IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 10-60636 |
| JOHANNES H. DE GOEDE | § | |
| GERTRUIDA E. DE GOEDE | § | |
| D/B/A J.H. DE GOEDE DAIRY | § | |
| 7800 E. State HWY 154 | § | |
| Winnsboro, TX 75494 | § | |
| | § | CHAPTER 12 |
| DEBTORS. | § | |

**EMERGENCY MOTION FOR INTERIM AND FINAL**
**ORDER AUTHORIZING USE OF CASH COLLATERAL**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COMES NOW Johannes H. De Goede, and Gertruida E. De Goede, d/b/a J.H. De Goede Dairy, Chapter 12 debtors and debtors-in-possession ("Debtors", or "Movants") in the above-referenced bankruptcy case, files this their *Emergency Motion for Interim and Final Order Authorizing Use of Cash Collateral* (the "Motion"); and respectfully represent as follows:

> **NO HEARING WILL BE CONDUCTED ON THIS MOTION UNLESS A WRITTEN OBJECTION IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS MOTION WITHIN FOURTEEN (14) DAYS FROM DATE OF SERVICE UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH OBJECTION. IF NO OBJECTION IS TIMELY SERVED AND FILED, THIS PLEADING SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT. IF AN OBJECTION IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING. IF YOU FAIL TO APPEAR AT THE HEARING, YOUR OBJECTION MAY BE STRICKEN. THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER.**
>
> *NOTWITHSTANDING THE ABOVE AND FOREGOING NOTICE, THE DEBTOR INTENDS TO SEEK EMERGENCY CONSIDERATION OF THIS MOTION.*

## I. JURISDICTION, VENUE, AND STATUTORY AUTHORITY

1.1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 1334. Consideration of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of these proceedings is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This Motion is filed pursuant to 11 U.S.C. § 363(c) and Fed. R. Bankr. P. 4001(b).

## II. BACKGROUND

2.1. On June 14, 2010 (the "Petition Date"), Debtors filed a voluntary petition for bankruptcy relief under chapter 12 of title 11, United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of Texas, Tyler Division (the "Court").

2.2. Since the Petition Date, Debtors have continued to operate and manage their business as a debtor-in-possession pursuant to 11 U.S.C. § 1203.

2.3. Debtors are individuals with their principal residence located in Wood County, Texas. Debtors operate a dairy farming operation on approximately 400 acres in Wood and Upshur counties with approximately 370 producing dairy cattle (the "Dairy Herd") as their principal source of income. Debtors also have additional non dairy producing cattle. Debtors are family farmers within the definition of 11 U.S.C. § 109(18), and are experienced and long time dairy farmers.

2.4 Debtors plan to continue normal their normal day-to-day dairy farming operations. However, Debtors have been unable to service all of their debts prior to the bankruptcy filing and, accordingly, Debtors determined to seek relief pursuant to Chapter 12 of

the Bankruptcy Code to reorganize and restructure their obligations.

### III. EMERGENCY NATURE OF MOTION

3.1. Debtors request that this Court schedule an emergency preliminary hearing to authorize the Debtors' interim use of cash collateral in accordance with Federal Rule of Bankruptcy Procedure 4001(b)(2), pending entry of a final order. Debtors have contemporaneously filed a separate request for emergency consideration of this Motion. If Debtors are not immediately authorized to use cash collateral pending a final hearing, they may not be able to meet their ongoing operational expenses and their estate will suffer immediate and irreparable harm.

### IV. SECURED CLAIMS

4.1. For purposes of this Motion, Debtors' assets may be pledged in whole or in part to Legacy Land Bank, FLCA (the "Lender") in the amount of approximately $2,302,039.00.

4.2. In all likelihood, the Lender claims a valid and perfected lien and or security interest in Debtors' prepetition accounts, receivables, livestock, offspring, inventory, milk checks, and milk produced, and proceeds from prepetition accounts, receivables, livestock, inventory, offspring, milk checks, and milk produced (the "Cash Collateral"). However, the Debtors have not completed their review of the Lender's liens, nor the perfection of the Lender's liens, and reserve all rights with regard thereto.

4.3. The Debtors have an immediate need to obtain the use of funds to continue their the operation of their dairy farming business, including production of dairy products and related activities and payment of their ongoing operating expenses. Without the use of the Cash Collateral, the Debtors will be hindered in their ability to pay:

(a) Wages, salaries, taxes and other operating expenses;

(b) Debtors' general living expenses;

(c) Purchase supplies, including feed and minerals, and perform other routine upkeep for the Dairy Herd;

(d) Purchase supplies and perform routine maintenance on other property, including equipment used to milk and grow feed for the Dairy Herd;

(e) Rental and lease obligations; and

(f) Administrative expenses connected to the bankruptcy proceeding

all of which are essential to the continuity of the Debtor's business and the preservation of its assets. Additionally, Debtors have an immediate need to purchase minerals to be added to the feed of the Dairy Herd. These minerals are added to the feed of the Dairy Herd for their health and well being as well as to maintain the milk production rates of the Dairy Herd.

4.4. Debtor seeks permission in this Motion to be able to use Cash Collateral with Court permission.

## V. RELIEF REQUESTED

5.1. Pursuant to Bankruptcy Code § 363(c) and Federal Rules of Bankruptcy Procedure 4001, the Debtors request authorization to use Cash Collateral, in order to operate their business and make essential payments in the administration of this Chapter 12 case and in the ordinary course of business.

5.2. The Debtors request use of Cash Collateral on an emergency interim basis not to exceed 30 days, or until such time as the Court schedules a hearing on the Debtors' further use of cash collateral in connection herewith. The Debtors request emergency interim authorization and a final order granting further use of Cash Collateral. Debtors require the interim use of Cash

EMERGENCY MOTION TO AUTHORIZE     PAGE 4
USE OF CASH COLLATERAL
H:\Cases\De Goede, Johannes & Gertruida\Ch 12 #10-60636 filed 6-14-10\Cash Collateral Motion\Cash Collateral Motion.wpd

Collateral to meet their general living expenses, its operating expenses, to purchase supplies, including feed and minerals, and perform other routine upkeep for the Dairy Herd, to purchase supplies and perform routine maintenance on other property, including equipment used to milk and grow feed for the Dairy Herd, to meet their rental and lease obligations; for general administrative expenses, and other essential costs and expenses. The Debtors' failure to timely pay such items may result in immediate and irreparable harm to the Debtors' estate.

5.3. Because the Debtors' request for interim authorization seeks the use of only that amount of Cash Collateral as is necessary to avoid immediate and irreparable harm to its estate pending a final hearing, the request complies with Federal Rule of Bankruptcy Procedure 4001(b)(2). In order to maintain normal operations, the Debtors are requesting an emergency interim hearing on this Motion.

5.4. The interim budget attached hereto as *Exhibit "A"* (the "Budget") sets forth the proposed uses of Cash Collateral and may be updated and re-filed prior to the final hearing on this Motion. The expenses listed on the budget are reasonable and necessary expenses that must be paid in order to continue the Debtors' business. The Debtors propose and seek entry of an order authorizing use of Cash Collateral on an emergency interim basis not to exceed 30 days and as set forth in the budget for the time period reflected in the budget or in any updated budget as the cash needs require, without regard to line item estimates constituting a ceiling on expenditures for each respective item.

5.5. The use of Cash Collateral requested, in addition to those set out in the Budget as attached, is sought to include all fees and costs of the Chapter 12 Trustee, Debtor's counsel, accountant, and other court approved professionals.

5.6. The Debtors propose that adequate protection be provided to Lender as set forth hereinafter.

VI. ADEQUATE PROTECTION

6.1. The Bankruptcy Code expressly provides that the granting of a replacement lien constitutes a means of adequate protection. 11 U.S.C. § 361(2). The granting of replacement liens provides ample adequate protection of the Lenders' interest in cash collateral. See, e.g., *MBank Dallas, N.A. v. O'Connor (In re O'Connor)* 808 F.2d 1393 (10th Cir. 1987); *In re Dixie-Shamrock Oil & Gas, Inc.* 39 B.R. 115, 118 (Bankr. M.D. Tenn. 1984).

6.2. Debtor is prepared to provide adequate protection to Lenders in the nature of replacement liens as set forth herein. Specifically, Lender shall be granted (effective upon the Petition Date and without the necessity of the execution by the Debtor of additional mortgages, security agreements, pledge agreements, financing statement or other documents) replacement liens, but solely to the extent of their actual interest in Cash Collateral and any diminution in their secured position as a result of the Debtor's use of Cash Collateral, upon (i) all assets in which a validly perfected lien existed as of the Petition Date, (ii) all property acquired by the Debtors after the Petition Date that is of the exact nature, kind or character of prepetition collateral, and (iii) all cash and receivables attributable to Lender' prepetition collateral. The Debtor anticipates that the replacement accounts, receivables, livestock, offspring, inventory, milk checks, and milk produced, and proceeds derived therefrom, acquired through the use of Cash Collateral will adequately protect the Lender for its use of Cash Collateral.

VII. NOTICE AND REQUEST FOR HEARING

7.1. Pursuant to Federal Rule of Bankruptcy Procedure 4001, the Debtor has caused a

copy of this Motion and the proposed interim order to be served via e-mail or facsimile upon the Lender or their counsel, all other secured claimants known to Debtor, and the United States Trustee, and by first class mail on all other persons listed on the attached matrix.

7.2. The Debtor requests that the Court conduct an emergency, interim hearing on this Motion as soon as possible and that the Court schedule a final hearing on the Motion at least fourteen (14) days thereafter, and at such final hearing, authorize the Debtors' continued use of Cash Collateral pursuant to the budget attached hereto.

FOR THESE REASONS, the Debtor prays that an emergency, interim hearing be held on this Motion as soon as possible, with a final hearing to be scheduled thereafter, and that the Court authorize the use by the Debtor of Cash Collateral on both an interim and a final basis with adequate protection for the Lender as set forth herein. The Debtor further requests such other and further relief as this Court may deem just and proper.

Dated June 14, 2010.

Respectfully submitted,

**SEARCY & SEARCY, P.C.**

By: /s/ Joshua P. Searcy
Jason R. Searcy, State Bar 17953500
Joshua P. Searcy, State Bar 24053468
P.O. Box 3929
Longview, Texas 75606
(903) 757-3399 Telephone
(903) 757-9559 Facsimile
*Attorneys for Debtors*

## CERTIFICATE OF SERVICE

  This is to certify that a true and correct copy of the above and foregoing document has been forwarded via electronic mail, if available, and/or by regular mail, postage prepaid to the following parties interested parties shown on the attached service list on or before June 15, 2010.

            */s/ Joshua P. Searcy*
            Joshua P. Searcy

EMERGENCY MOTION TO AUTHORIZE                       PAGE 8
USE OF CASH COLLATERAL
H:\Cases\De Goede, Johannes & Gertruida\Ch 12 #10-60636 filed 6-14-10\Cash Collateral Motion\Cash Collateral Motion.wpd